United States District Court
Southern District of Texas
**ENTERED**
January 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAN ELIZABETH LIGHTFOOT, | § § | CIVIL ACTION NUMBER 4:25-cv-00837 |
| Plaintiff, | § § § | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| OAK BEND MEDICAL CENTER, *et al*, | § § § | |
| Defendants. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Jan Elizabeth Lightfoot proceeds here *pro se*. She sued numerous entities and individuals, apparently seeking damages and other relief related to her involuntary commitment and alleged medical billing fraud, among other things. Dkt 15 at 1–28. No Defendant has been served or made an appearance in this case.

The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 5. She issued a Memorandum and Recommendation recommending that the claims be dismissed *sua sponte* for failure to state a plausible claim for relief or, alternatively, for failure to perfect service. Dkt 29 at 2–3.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v*

*PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 30. Among other things, she contends that service was frustrated by the Court's denial of her request for service through the United States Marshals. Id at 1. And she asserts that the complaint is not frivolous because it contains "documented evidence" of ongoing harm, constitutional violations, predicate acts relevant to civil RICO, and actions taken under color of law. Id at 2.

On *de novo* review and determination, Plaintiff's objections lack merit. Plaintiff filed her fifth amended complaint on April 14, 2025. Dkt 15. She was thus required by Rule 4(m) to perfect service by July 14, 2025. Still no Defendant has been served. And Plaintiff—not the United States Marshals nor the Court—is the party responsible for perfecting service and prosecuting her case.

Th allegations contained within the complaint also fail to state a cognizable claim for relief. Plaintiff presents conclusory allegations as to violation of her constitutional rights. See Dkt 15 at 1–28. The assertions contained therein fail to make out a facially plausible claim for relief under federal or state law. And Plaintiff has had notice of the Court's intent to dismiss this action and an opportunity to respond such that *sua sponte* dismissal isn't procedurally unfair. See *Anokwuru v City of Houston*, 990 F3d 956, 967 (5th Cir 2021).

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The objections by Plaintiff Jan Elizabeth Lightfoot to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 30.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 29.

This action is DISMISSED WITH PREJUDICE.

The motions by Plaintiff Jan Elizabeth Lightfoot for leave to file seventh amended petition and for permission to file electronically are DENIED AS MOOT. Dkts 33 & 34.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on January 22, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge